IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Angela Nolan, | ) | Case No. 2:23-cv-1443-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| U.S. Bank National Association, *as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, 2006-RP2*; Brock & Scott, PLLC; PHH Corporation; Leonard Berry, and Aames Funding Corporation, *d/b/a Aames Home Loan*, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18) recommending that the Court summarily dismiss all claims in this action except Claim VI, arising under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, against Defendants U.S. Bank and PHH Corporation. The parties were advised of their right to file objections to the R&R within 14 days of receipt and that a failure to file objections would result in clear error review and a waiver to file an appeal. (*Id*. at 13). No party filed objections to the R&R.

**Legal Standard**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Because Plaintiff filed no objections to the R&R, the Court reviews the R&R for clear error.

**Discussion**

Plaintiff, acting *pro se*, brings this action challenging the foreclosure and sale of certain property in which she is the record owner.   Plaintiff asserts in her Amended Complaint (Dkt. No. 9) six claims.  Counts I and II allege violations of her constitutional rights under 42 U.S.C. § 1983 for deprivation of her constitutional rights to due process and property.  The Magistrate Judge correctly finds in the R&R that the none of the Defendants are state actors and Counts I and II fail for a lack of state action. (Dkt. No. 18 at 5-7).  Plaintiff asserts in Count III a "takings" claim under the Fifth and Fourteenth Amendments.  The Magistrate Judge correctly finds that Count III fails because of the absence of state action. (*Id*. at 7-8).  Count IV asserts a claim of intentional infliction of emotional distress.  The Magistrate Judge correctly finds that the actions of Defendants in pursuing foreclosure proceedings where Plaintiff defaulted on a secured loan does not meet the high standard for stating an intentional infliction of emotional distress claim under South Carolina

law. (*Id.* at 8-10). Plaintiff seeks declaratory relief in Claim V. The Magistrate Judge correctly found that a declaratory judgment claim is a forward-looking mechanism, intended to guide the future behavior of the parties. In this instance, the challenged foreclosure has already occurred. (*Id*. at 10-11).

Claim VI asserts a claim under RESPA, which relates to a loan servicer's duty to respond to qualified written requests received from a borrower for information relating to servicing a loan. The Amended Complaint alleges that Plaintiff sent certain correspondence which constituted qualified written requests and that she received no response. The Magistrate Judge found that at the summary dismissal stage, Plaintiff alleged sufficient facts under Claim VI against U.S. Bank and PHH Corporation but no other named defendant. (*Id*. at 11-12).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in the R&R and correctly concluded that Counts I, II, III, IV, and V were subject to summary dismissal and Count VI was subject to summary dismissal against all Defendants except U.S. Bank and PHH Corporation. Consequently, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 18) as the Order of the Court and **SUMMARILY DISMISSES** Counts I, II, III, IV, and V against all Defendants and Count VI against all Defendants except U.S. Bank and PHH Corporation.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

February 14, 2024
Charleston, South Carolina