**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Angela Nolan,<br><br>       Plaintiff,<br>  v.<br><br>U.S. Bank National Association,<br>as *Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, 2006-RP2*;<br>Brock & Scott, PLLC; PHH Corporation; Leonard Berry; and Aames Funding Corporation, *d/b/a Aames Home Loan*,<br>       Defendants. | Case No. 2:23-cv-01443-RMG<br><br>**ORDER** |

      Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendants' Motion for Summary Judgment be granted. (Dkt. No. 51). Angela Nolan ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action challenging the foreclosure and sale of certain property located at 184 Harley Circle in Berkeley County, South Carolina (the "Property"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. Plaintiff filed an objection to the R&R. (Dkt. No. 53). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I.    Background**

      This matter arises from the foreclosure and sale of the Property. Plaintiff's mother executed a note with the Aames Funding Corporation for $25,000 with an interest rate of 15% per annum (the "Note") securing its repayment through a mortgage on the Property in Berkeley County, South Carolina (the "Mortgage"). (Dkt. No. 9 at 3). The Mortgage was eventually assigned to U.S. Bank National Association. *Id.* Plaintiff's mother passed away and conveyed the Property to her by

1

virtue of a deed recorded January 10, 2013. *Id.* at 4. Payments on the loan apparently fell into default on or around May 1, 2015, and U.S. Bank initiated a foreclosure action against Plaintiff in the Berkeley County Court of Common Pleas on December 15, 2021. The Property was sold at public auction on February 1, 2023. *Id.* at 4.

On February 9, 2023, Plaintiff filed a complaint arguing that the Mortgage should be rendered null and void because "U.S. Bank never proved its entitlement to enforce the terms of the Note and Mortgage." *Id.* at 5.

The Amended Complaint named as defendants Aames; U.S. Bank; PHH Corporation ("PHH"); Brock & Scott, PLLC ("Brock & Scott"); and Berry, alleging six causes of action. *Id.* On January 22, 2024, the Magistrate Judge issued a Report and Recommendation recommending that Counts I, II, III, IV, and V were subject to summary dismissal, and Count VI was subject to summary dismissal against all defendants except U.S. Bank and PHH. (Dkt. No. 18.) This Court adopted the Report and Recommendation on February 14, 2024, and Aames; Brock & Scott; and Berry were dismissed. (Dkt. No. 26.)

The only remaining claim, Count VI, alleges a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"). (Dkt. No. 9 at 13–14.) According to the Amended Complaint, Plaintiff "has been emotionally and financially damaged" as a result of Defendants' "wrongful conduct." *Id*. at 5. Specifically, Plaintiff alleges that Defendants' have caused "damages and harm, in that: (1) the property was taken from [her]; (2) [she was] wrongfully evicted from [her] home on the basis of a fraudulent title; (3) [she has] incurred moving expenses and relocation costs; (4) and other damages as deemed determined through the course of litigation." *Id*. at 14. Plaintiff therefore asks that the Court award her damages in an amount no less than $75,000. *Id.* This Court previously denied Defendants PHH and U.S. Bank's motion to dismiss for lack of

2

standing under RESPA. (Dkt. No. 37). Defendants PHH and U.S. Bank have now filed the present Motion for Summary Judgment. (Dkt. No. 46). Plaintiff responded (Dkt. No. 49) and Defendants replied (Dkt. No. 50). The Magistrate Judge issued a Report and Recommendation (Dkt. No. 51) and Plaintiff objected (Dkt. No. 53).

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.   Discussion

The Court reviews Plaintiff's objections to the R&R *de novo*. (Dkt. No. 53). Plaintiff's remaining claim alleges that Defendants violated RESPA. RESPA "provides that loan servicers have a duty to respond to any [qualified written request] received from borrowers 'for information relating to the servicing of the loan.'" *See Morgan v. Caliber Home Loans, Inc.*, 26 F.4th 643, 648 (4th Cir. 2022) (citing 12 U.S.C. § 2605(e)); *see also* 12 C.F.R. § 1024.35(a). Plaintiff argues that she sent Defendants two communications that expressed her "disagreement . . . with the alleged

default on the subject [P]roperty" and those communications constituted qualified written requests ("QWRs") for purposes of RESPA. Furthermore, Defendants' alleged failure to respond violated the error resolution procedures set forth in RESPA and its implementing regulation. (Dkt. No. 9 at 13-14). In her objection, Plaintiff argues that the Magistrate Judge misapplied the legal standard of summary judgment by not drawing all justifiable inferences in her favor. The Court considers whether each defendant is entitled to summary judgment individually.

   A. **Defendant U.S. Bank**

RESPA's duty to respond to qualified written request applies to the loan servicer, not the holder of the promissory note. *Luther v. Wells Fargo Bank*, No. 4:11-cv-00057, 2012 WL 4405318, at *6 (W.D. Va. Aug. 6, 2012). A "servicer" is defined under RESPA as "the person responsible for servicing of a loan." 12 U.S.C. § 2605(i)(2). Here, the record reflects that Defendant U.S. Bank "was the holder of the loan at issue in this action." (Dkt. No. 46-1 at 2, 12, 35, 64.) Plaintiff does not provide any conflicting evidence on this point. Plaintiff's objections do not take substantive issue with the R&R's analysis that U.S. Bank was not a loan servicer and therefore not subject to RESPA's duty to respond. Plaintiff's conclusory objection that the Magistrate Judge did not give sufficient deference is not sufficient to overcome the nature of U.S. Bank's position. Therefore, Defendant U.S. Bank is entitled to summary judgment on Plaintiff's RESPA claim.

   B. **Defendant PHH**

The Magistrate Judge is correct that Defendant PHH is the undisputed loan servicer. To state a claim for violation of RESPA's QWR provision, a plaintiff must show: "(1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages." *Bailey v. Bank of Am. Corp.*, No. 3:14-cv-1849-TLW, 2015 WL 2240519, at

4

*6 (D.S.C. May 11, 2015). Further, the content of a QWR must "relat[e] to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). Communications focused on "the terms of the loan and mortgage documents" are not QWRs for purposes of a RESPA claim. *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 413 (4th Cir. 2015).

Based on the record before the Court—and considering that Plaintiff has not provided the Court with any evidence, including copies of the communications at issue—Plaintiff's April 2022 and September 2022 letters cannot be considered QWRs for purposes of her RESPA claim, as these communications do not relate to the servicing of the loan at issue. Even drawing all justifiable inferences in Plaintiff's favor, Plaintiff's representations to this Court about the contents of her communications do not meet the standard of a RESPA QWR. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.").

The Magistrate Judge correctly concluded that Plaintiff's April 8, 2022 communication where she conveyed that she assumed the financial obligation of her mother's estate on certain conditions cannot be considered a QWR. (Dkt. No. 51 at 8). Under RESPA, "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan…and making payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(e)(1)(A).

Plaintiff's April 2022 letter does not request information related to payment submission or receipt. Instead, the letter requests information and changes regarding the terms of the loan and mortgage documents. This does not qualify as a QWR. *See Nash v. PNC Bank, N.A.*, No. TDC-16-2910, 2017 WL 1424317, at *5 (D. Md. Apr. 20, 2017) (noting that "[c]ourts have repeatedly

5

held that requests for information related to loan modifications do not concern 'servicing' and therefore are not QWRs"); *see also Ward v. Security Atlantic Mortg. Elec. Registration Sys. Inc.*, 858 F. Supp. 2d 561, 574–75 (E.D.N.C. 2012) (holding that a request by a borrower to his mortgage servicer seeking "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transactional history" was not a QWR within the meaning of RESPA because it was a "communication challenging the validity of the loan and not a communication relating to the servicing of the loan").

Further, Plaintiff's September 2022 communication was a complaint filed with the Consumer Financial Protection Bureau against Defendant Brock & Scott who are no longer defendants, and it did not request any information related to payment submission or receipt by Defendant PHH. (Dkt. No. 46-1 at 3, 59-62). Therefore, it too cannot be considered a QWR.

Even if both the April 2022 and September 2022 communications were considered QWR's, the record shows that Defendant PHH responded to both. (Dkt. No. 46-1 at 3, 12–13, 70-71.)

The record before the Court does not show that Plaintiff submitted QWRs to which Defendant PHH did not respond. Therefore, Defendant PHH is entitled to summary judgment on Plaintiff's RESPA claim.

## IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 51) and **GRANTS** summary judgment to the Defendants.

**AND IT IS SO ORDERED.**

                                                                s/ Richard Mark Gergel
                                                              Richard Mark Gergel
                                                              United States District Judge

July 16, 2025
Charleston, South Carolina